# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DENNIS R. DERX**                                                                                   **PETITIONER**

**VS.**                              **CASE NO. 5:18CV00070 BSM/PSH**

**WENDY KELLEY, Director of the**
**Arkansas Department of Correction**                                          **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Dennis R. Derx ("Derx") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Derx is currently in the custody of the Arkansas Department of Correction (ADC) as a result of the October 2015 entry of a guilty plea in Jackson County Circuit Court to the charge of rape. He was sentenced to 34 years' imprisonment. The sentencing order was filed October 7, 2015. Because he entered a guilty plea, a direct appeal of the conviction was unavailable to Derx. In June 2017, Derx filed a motion for Rule 37 relief in state court. This petition was dismissed as untimely. Derx alleges he also filed a petition for state habeas corpus relief in January 2018.

On March 12, 2018, Derx filed this federal habeas corpus petition,[1] alleging the following claims for relief:

1. He was denied his right to a jury trial;

2. He was denied a mental evaluation;

3. There was insufficient evidence to show that he committed rape because no rape kit was done; and

4. Ineffective assistance of counsel.

Respondent Wendy Kelley ("Kelley") alleges that the statute of limitations bars consideration of these claims. By Court Order of April 26, 2018, Derx was notified of his opportunity to explain why the petition should not be dismissed as untimely. Derx has responded to the Court's Order. Docket entry no. 10.

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The Court's records reflect Derx filed a federal habeas corpus petition in 2017, which was dismissed without prejudice in order to allow Derx to pursue relief in state court. *Derx v. Arkansas*, 4:17cv00261. In a Findings and Recommendation, the undersigned took no position on the issue of whether a subsequent federal habeas corpus petition would be timely. Docket entry no. 6, page 3, footnote 1.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelley contends Derx's conviction became final on November 6, 2015, thirty days after he entered his guilty plea. Kelley notes that Derx did not file a timely Rule 37 petition in state court, which would have tolled the limitation period pursuant to 28 U.S.C. § 2244(2). Similarly, the state habeas corpus petition Derx alleges was filed would not have tolled the limitation period since it was filed after the limitation period had expired, according to Kelley. Further, Kelley asserts there is no apparent reason to allow equitable tolling of the limitation period. Kelley contends Derx should have filed his federal habeas corpus petition on or before November 6, 2016. He missed filing a timely petition by more than sixteen months, according to Kelley. Kelley urges that Derx's failure to act sooner is fatal to the petition.

Initially, we consider the calculations of Kelley. Kelley is correct that Derx's conviction became final on November 6, 2015, thirty days after the entry of the guilty plea. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). By statute, the time during which Derx pursued Rule 37 relief should not be counted toward the limitations period. 28 U.S.C. § 2244(2). However, the statute requires the Rule 37 petition be "properly filed." *Id.* A Rule 37 petition is not properly filed if not submitted in a timely fashion. Following the entry of a guilty plea, a petitioner has ninety days in which to initiate Rule 37 proceedings. Arkansas Rule of Criminal Procedure 37.2(c)(I). Derx filed his Rule 37 petition in June 2017, about eighteen months late. Thus, Derx's Rule 37 petition was not properly filed and did not toll the limitations period.

Derx alleges he filed a state habeas corpus petition in Lee County Circuit Court in January 2018. Even assuming this state court petition was "properly filed" as defined by 28 U.S.C. § 2244(2), "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). As a result, Kelley is correct that the state habeas corpus petition does not affect the running of the limitations period.

We conclude that the limitations period expired, as Kelley calculated, approximately sixteen

months prior to Derx's filing of his habeas corpus petition. This does not end our analysis, however, since the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). We must determine if Derx's failure to file a timely federal petition should be excused due to equitable tolling.

In his supplemental pleading filed in response to the Court's Order, Derx offers the following reasons why the limitation period should be equitably tolled: (1) his attorney promised to file an appeal yet failed to do so; (2) he was denied a mental evaluation; and (3) the rape occurred in July 2015, charges were filed in December 2015, and Derx was arrested in March 2016. Docket entry no. 10.[2]

None of the reasons advanced by Derx serve to equitably toll the limitations period. Having entered a guilty plea, no direct appeal was available to Derx. Further, when Derx entered his guilty plea, he waived any challenge to his attorney's decision regarding a mental evaluation and any challenge to the timing of the charges. A guilty plea is "an admission of guilt that waives all non-jurisdictional defects." *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). "Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence." *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) [internal quotations omitted].

The issues raised by Derx in opposition to Kelley's limitations argument are without merit. None of his claims show that he was prevented by a party or by external circumstances from filing

---

[2]In addition to his response filed on May 3, Derx filed a motion on May 17. This motion appears to be a request for the Court to forward any response of Kelley to Derx's May 3 pleading. The motion (docket entry no. 11) is denied as moot, since any filed response from Kelley is served on Derx.

a timely federal habeas corpus petition. His arguments focus more on dissatisfaction with his attorney, which is not a valid reason to equitably toll the running of the limitation period.

We find neither statutory nor equitable tolling interrupted the limitations period. Derx's March 2018 federal habeas petition was untimely, and we recommend dismissal on that basis.

**Conclusion:** For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 18th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE